**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1497

JERRY A. LOWE,

Plaintiff - Appellee,

versus

RANDY SPEARS, in his individual and official
capacity as a police officer for the City of
Huntington; CITY OF HUNTINGTON, WEST VIRGINIA,
a municipal corporation,

Defendants - Appellants.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:06-cv-00647)

Submitted:  December 12, 2007      Decided:  December 20, 2007

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John R. Teare, BOWLES RICE MCDAVID GRAFF & LOVE, LLP, Charleston,
West Virginia, for Appellants. Jonathan L. Matthews, Jason E.
Huber, FORMAN & HUBER, L.C., Charleston, West Virginia; Richard E.
Holtzapfel, HOLTZAPFEL LAW OFFICES, Hurricane, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Spears and the City of Huntington ("the City") appeal the district court's order denying in part and granting in part the motion to dismiss Jerry Lowe's 42 U.S.C. § 1983 (2000) complaint. For the reasons that follow, we affirm.

In ruling on a motion to dismiss, a court must view the claims in the light most favorable to the non-moving party, and all allegations are accepted as true. Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Lowe alleged in his complaint that he parked his truck on the sidewalk in front of his apartment building one day in order to unload. Officer Spears arrived and began issuing a citation for illegal parking. Lowe informed Spears he was handicapped and asked him not to issue a citation if Lowe moved his truck immediately. Spears expressed doubt as to Lowe's handicap, and Lowe pointed to his handicap parking permit hanging from his rearview mirror. When Lowe attempted to explain he had merely parked on the sidewalk temporarily while he unloaded his supplies, Spears ordered Lowe to go inside the building or he would arrest him.

Lowe stepped into the building and warned his employees that a police officer was issuing parking tickets and they should move their vehicles to avoid receiving any tickets. Spears said he "was tired of [Lowe's] mouth and that he was going to jail." Spears grabbed Lowe by the arm and attempted to pull Lowe out of

the building.  Lowe's father separated the two men.  Lowe called 911.  Additional police arrived and advised Spears to leave Lowe alone.  Lowe was never charged with any crime stemming from this encounter.

Lowe filed claims under 42 U.S.C. § 1983 (2000) for false arrest, excessive force, and unlawful retaliation, and state law claims of battery, false arrest, assault, outrage, abuse of process, negligence, and negligent hiring.  He additionally alleged municipal and state liability due to the City's failure to adequately train, supervise and discipline its police officers.

Spears and the City moved to dismiss the complaint.  The district court granted the motions in part and denied in part.  The district court dismissed the claim against Spears in his official capacity, the abuse of process claim, and the prayer for punitive damages because they are expressly precluded by West Virginia law.

The district court denied the motion as to the other claims, concluding that Spears was not protected by qualified immunity under the facts alleged, because Spears seized Lowe, thereby arresting him, for exercising his freedom of speech, not for parking illegally, and "no reasonable officer could have believed that probable cause existed to arrest Lowe for exercising his First Amendment right to question and remonstrate to Spears." Further, the district court concluded that Lowe placed Spears on sufficient notice as to his state law claim of outrage, the City as

to his claim of negligent hiring, and that he sufficiently alleged facts supporting his claim that the City inadequately trained its police.

Spears and the City appealed.[1]  The numerous arguments they raise on appeal all depend on the premise that the complaint establishes Spears had probable cause to arrest Lowe.  The appellants contend the district court erred in concluding Spears did not have probable cause to arrest Lowe because the district court improperly focused on Spears's subjective intent in arresting Lowe rather than applying an objective test.  The appellants argue Spears had ample probable cause to arrest Lowe for illegal parking under West Virginia Code § 17C-13-6 and arguably had probable cause for arresting him for obstructing a law enforcement officer under West Virginia Code § 61-5-17(a).[2]

When reviewing a motion to dismiss, the district court must accept the allegations in the complaint as true and construe

---

[1]We note that although interlocutory orders ordinarily are not appealable, orders rejecting a defendant's claim of qualified immunity are appealable, Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), provided the denial rests on a purely legal determination that the facts establish a violation of clearly established law. Johnson v. Jones, 515 U.S. 304, 316-17 (1995).  The district court order is appealable because the appellants argue that even accepting all of Lowe's factual allegations as true, Spears did not violate the law by arresting him.

[2]West Virginia law authorizes police officers to arrest an individual for any criminal law violation committed in their presence, regardless of the severity of the crime.  W. Va. Code Ann. § 62-10-9 (2005); see also Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (upholding a similar Texas statute).

those allegations and the reasonable inferences derived therefrom in the light most favorable to the plaintiff.  <u>See</u> <u>Chisolm v. TranSouth Fin. Corp.</u>, 95 F.3d 331, 334 (4th Cir. 1996).  Viewing the factual allegations in this light, Spears arrested Lowe for exercising his freedom of speech, not for the crimes of illegal parking or obstructing a law enforcement officer.  Thus, the question for the district court to address was whether Spears had probable cause to arrest Lowe for exercising his First Amendment rights.  Arresting a person solely based on speech that questions or opposes police action violates the First Amendment.  <u>City of Houston v. Hill</u>, 482 U.S. 451, 462-63 (1987).  Therefore, the facts as alleged in the complaint supported the claim of arrest without probable cause, and the district court did not err by denying in part the motion to dismiss.

Accordingly, we affirm the decision of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>